UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CIRSEY GAR,

    Plaintiff,

v.                                  Case No: 6:18-cv-385-28-TBS

VISTANA MANAGEMENT, INC.
d/b/a SHERATON VISTANA RESORT,

    Defendant.
_____/

**SECOND AMENDED SETTLEMENT AGREEMENT**

This Second Amended Settlement Agreement ("Agreement") is made this 27th day of June, 2018, by and between CIRSEY GAR ("Plaintiff") and VISTANA MANAGEMENT, INC. d/b/a SHERATON VISTANA RESORT ("Defendant").

WHEREAS, Plaintiff instituted the above-referenced case in the United States District Court, Middle District of Florida, Orlando Division, against MARRIOTT INTERNATIONAL, INC., and subsequently substituted SHERATON VISTANA RESORT as the Defendant to her claims of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"); and

WHEREAS, Defendant denies liability herein and any wrongdoing with respect to Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid litigation and to settle and resolve the above-captioned lawsuit amicably and expeditiously;

1

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-captioned matter is hereby resolved as follows:

1. **SETTLEMENT AND RELEASE OF FLSA CLAIMS.**

   a. <u>Release of FLSA Claims.</u> Plaintiff hereby releases Defendant, which for purposes of this Paragraph 1.a shall be deemed to include VISTANA MANAGEMENT, INC. and any other person or entity that was Plaintiff's "Employer" as that term is defined in 29 U.S.C. § 203(d), of and from any and all liability for the claims asserted in the above-referenced case. Within two (2) business days of Plaintiff's counsel's receipt of a fully-executed copy of this Agreement, Plaintiff shall file or consent to the filing of a Joint Motion for Approval of Settlement and Dismissal with Prejudice in the above-captioned lawsuit. This Agreement shall not be construed as a release or waiver of any other claims or defenses Plaintiff has or may have against Defendant, of any claims or defenses Defendant has or may have with respect to Plaintiff, or of Plaintiff's and/or Defendant's ability to invoke the Mutual Agreement to Arbitrate between the Parties with respect to any such claims or defenses.

   b. <u>Settlement Sum to Plaintiff.</u> Within ten (10) business days after the latest of: (i) delivery of an executed copy of this Agreement to defense counsel; (ii) delivery to defense counsel of IRS Forms W-4 and W-9 executed by Plaintiff; and (iii) the Court's approval of this settlement, then, in consideration of the matters set forth herein, Defendant

2

shall furnish to Plaintiff's counsel settlement checks made payable to CIRSEY GAR as follows:

- A check in the amount of One Thousand Seven Hundred Fifty Dollars and Zero Cents ($1,750.00), representing allegedly unpaid overtime compensation, less lawful withholdings and deductions, for which an IRS Form W-2 shall issue to Plaintiff; and

- A check in the amount of One Thousand Seven Hundred Fifty Dollars and Zero Cents ($1,750.00), representing alleged liquidated damages, which shall not be subject to withholdings or deductions, for which an IRS Form 1099 shall issue to Plaintiff.

Plaintiff understands and acknowledges that she would not receive the payments specified in this paragraph except for her agreement to settle this matter as described in this Agreement. Plaintiff affirms that, upon her receipt of the payments specified in this paragraph, she will have received all wages allegedly owed her for hours worked.

   c. <u>Attorneys' Fees and Costs.</u> Within ten (10) business days after the latest of: (i) delivery of an executed copy of this Agreement to defense counsel, (ii) delivery to defense counsel of a W-9 form executed by Plaintiff's counsel, and (iii) the Court's approval of this settlement, then, in consideration of the matters set forth herein, Defendant shall furnish to Plaintiff's counsel a check payable to WENZEL FENTON CABASSA, P.A., in the amount of Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00), representing attorneys' fees and costs, which amount shall not be subject to withholdings or deductions and for which IRS Forms 1099 shall issue to WENZEL FENTON CABASSA, P.A. and Plaintiff. *See Commissioner of Internal Revenue v. Banks* and *Commissioner of Internal Revenue v. Banaitis,* 543 U.S. 426 (2005) and U.S. Treasury Regulation 1.6045-5.

d. <u>Taxability of Settlement Sum, Attorneys' Fees and Costs.</u> Defendant makes no representation as to the taxability of the amounts paid to Plaintiff or her counsel. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid by her with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendant and hold it harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of Plaintiff's non-payment of taxes on any amounts paid to Plaintiff or her attorney under the terms of this Agreement.

2. **NO ADMISSION.** Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendant of any liability, unlawful conduct of any kind or violation by Defendant of the FLSA.

3. **MEDICARE SECONDARY PAYER AFFIRMATIONS.** Plaintiff affirms that Plaintiff is not Medicare eligible as of the date of execution of this Agreement. This affirmation is a material term of this Agreement without which Defendant would not have agreed to enter into this Agreement. Furthermore, notwithstanding any provision herein to the contrary, Plaintiff does not release any claim she may have against Defendant for any medical expenses paid by Medicare on Defendant's behalf. Accordingly, Medicare has no interest in the payment under this settlement. If Medicare (or the agency representing Medicare's interests) later determines that it does have an interest in the payment to Plaintiff under this settlement, Plaintiff will indemnify Releasees as soon as possible for any payments and/or penalties Releasees make to Medicare (or the agency collecting on behalf of Medicare) as a result of the payment under this Agreement.

4. **OPPORTUNITY TO REVIEW.** Plaintiff acknowledges that she has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that she has consulted with her counsel-of-record, WENZEL FENTON CABASSA, P.A., prior to executing this Agreement. Plaintiff signs this Agreement voluntarily. Plaintiff affirms she has neither retained nor consulted with any attorneys other than WENZEL FENTON CABASSA, P.A. regarding the matters referenced in above-captioned case or this Agreement, and that Plaintiff does not owe any attorney or law firm fees or costs not addressed in this Agreement.

5. **WAIVER OF JURY TRIAL.** Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any claims arising in connection with this Agreement.

6. **GOVERNING LAW.** This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.

7. **ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between Plaintiff and Defendant regarding the settlement of Plaintiff's FLSA claims, and it supersedes any and all prior oral or written agreements, understandings, representations or warranties between the parties. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except those set forth in this Agreement.

8.  **AMENDMENTS.** This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

9.  **EXECUTION IN COUNTERPARTS.** This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original. All the counterparts together shall constitute one and the same instrument.

10. PLAINTIFF HEREBY AFFIRMS THAT SHE HAS HAD A REASONABLE AMOUNT OF TIME TO REVIEW THIS AGREEMENT AND TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT. PLAINTIFF HAS CAREFULLY READ THIS ENTIRE AGREEMENT. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT WITH RESPECT TO PLAINTIFF'S FLSA CLAIMS. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: __6/21__, 2018          _____
                                CIRSEY GAR, Plaintiff

STATE OF FLORIDA          )
COUNT OF Hillsborough

SWORN TO AND SUBSCRIBED before me this 21st day of June, 2018, by Cirsey Gar, who is personally known to me or has produced __DL G000117826710__ as identification.

_____
(Notary Signature) TANIA WELLS
MY COMMISSION # FF 155415
EXPIRES: December 27, 2018
Bonded Thru Budget Notary Services

Dated: __June 27__, 2018       VISTANA MANAGEMENT, INC.

                                _____
                                Signature
                                ANGELA HALLADAY
                                Print name
                                V.P., SECRETARY
                                Title

7