UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CIRSEY GAR,

    Plaintiff,

v.                                                      Case No: 6:18-cv-385-Orl-28TBS

VISTANA MANAGEMENT, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Second Amended Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 29). Upon review, I **respectfully recommend** that the motion be **GRANTED**.

As set forth in two earlier Reports (Docs. 24, 28),[1] Plaintiff filed this action seeking allegedly unpaid overtime wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act, 29 U.S.C. §216(b) ("FLSA") (Doc. 1, amended at Doc. 18). Shortly after the Amended Complaint was filed, the parties filed a notice of settlement (Doc. 19). By earlier motion (Doc. 23), the parties sought Court approval of their Settlement Agreement (Doc. 23-1), and dismissal of Plaintiff's claims with prejudice. Upon review and for the reasons detailed in my first Report and Recommendation, I did not find the settlement to be fair and reasonable, and recommended that the motion be denied and the settlement be rejected, subject to amendment to correct the identified deficiencies (Doc. 24).

---

[1] I incorporate the detailed explanation of the facts and the law contained in the earlier Reports.

The Parties executed an Amended Settlement Agreement (Doc. 25-1) and filed an amended motion, again seeking Court approval (Doc. 25). Upon review, I noted that, although the Parties had addressed most of my concerns, they had not sufficiently addressed the overly broad scope of the release language[2] (Doc. 28 at 5). As such, I determined that Amended Settlement Agreement could not be approved as written, but noted: "In view of the history of this dispute ... and as the monetary provisions are fair and reasonable and the Parties have satisfied my concerns in other areas, it is suggested that the motion can be granted and the settlement approved if the objectionable language identified above is deleted." (Doc. 28 at 6-7).

Now, the Parties have tendered a Second Amended Settlement Agreement (Doc. 29-1), which omits the offending language. As all issues raised in my prior Reports and Recommendations have been satisfactorily addressed, I find the settlement is due to be approved. Upon consideration of the foregoing, I respectfully recommend that:

(1) The motion be **GRANTED**, and the parties' settlement agreement be approved as a fair and reasonable compromise of a bona fide FLSA dispute;

(2) This action be dismissed with prejudice; and

(3) The Court close the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

---

[2] The provision read: "Plaintiff acknowledges that she is aware she is giving up all claims she may have under the FLSA against Defendant, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers and attorneys." (Doc. 25-1, paragraph 4).

finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

If there are no objections to this Report and Recommendation, the parties may expedite the approval process by filing notices of no objection.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 28, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record